**WO** BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Marcos Cerecer, | ) | No. CV 05-3595-PHX-NVW (MEA) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Maricopa County Durango Jail in Phoenix, Arizona. The Court will dismiss the action with leave to amend.[1]

**A.** **Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

JDDL-K

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.     Complaint.**

Plaintiff names as a Defendant Joseph Arpaio, Sheriff of Maricopa County, alleging that he is "in charge of hiring sheriff." Plaintiff argues that his constitutional rights were violated by (1) an improper diet, (2) overcrowding and loud speakers, and (3) unsanitary

1  conditions due to mold and asbestos, resulting in coughing.  Plaintiff seeks monetary and
2  other relief.
3         To state a valid constitutional claim, a plaintiff must allege that he suffered specific
4  injury as a result of the specific conduct of a defendant, and show an affirmative link between
5  the injury and the conduct of the defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377
6  (1976).  For a person to liable in his official capacity, Plaintiff must allege that he acted as
7  a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d
8  1186, 1188 (9th Cir. 2001).  A supervisor, in his individual capacity, "is only liable for
9  constitutional violations of his subordinates if the supervisor participated in or directed the
10 violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880
11 F.2d 1040, 1045 (9th Cir. 1989).  "A plaintiff must allege facts, not simply conclusions, that
12 show that an individual was personally involved in the deprivation of his civil rights."
13 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).
14        Plaintiff makes bare allegations and in Counts I and II, fails to allege that he suffered
15 an injury as a result of the violations of his constitutional rights.  Plaintiff fails to allege that
16 Defendant Arpaio enacted or enforced policies which resulted in the violation of his
17 constitutional rights.  Plaintiff fails to allege that Defendant Arpaio directly violated his
18 constitutional rights, or was even aware that Plaintiff's rights were being violated.
19 Accordingly, Plaintiff fails to sufficiently allege that Defendant Arpaio violated his
20 constitutional rights.

21 **D.**     **Leave to Amend.**

22        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
23 a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the
24 deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a
25 Court-approved form for filing a civil rights complaint. Plaintiff is advised that the amended
26 complaint must be retyped or rewritten in its entirety on the court-approved form and may
27 not incorporate any part of the original Complaint by reference.  Any amended complaint
28 submitted by Plaintiff should be clearly designated as such on the face of the document.

1   An amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963
2 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,
3 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent.
4 <u>Ferdik</u>, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are
5 not alleged in an amended complaint are waived. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.
6 1987).

7 **E.   Address Changes.**

8   In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
9 must file a notice of change of address if his address changes. Plaintiff is again reminded
10 that at all times during the pendency of this action, Plaintiff shall immediately advise the
11 Court of any change of address and its effective date. Such notice shall be captioned
12 "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of
13 Change of Address on all opposing parties. The notice shall contain only information
14 pertaining to the change of address and its effective date, and shall not include a motion for
15 other relief. Failure to timely file a notice of change of address may result in the dismissal
16 of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
17 Procedure.

18 **F.   Warning of Possible Dismissal.**

19   Plaintiff should take note that if he fails to timely comply with every provision of this
20 Order, this action will be dismissed without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-
21 61(district court may dismiss action for failure to comply with any order of the Court).
22 Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
23 fails to file an amended complaint correcting the deficiencies identified in this Order, the
24 dismissal of this action will count as a "strike" under the "three strikes" provision of the
25 Prison Litigation Reform Act. <u>See</u> 28 U.S.C. § 1915(g).

26 **IT IS THEREFORE ORDERED that:**

27   (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
28 U.S.C. § 1915(a)(1).

1    (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

   (3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

   (4)  The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall make an entry on the docket in this matter indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g).

   (5)  Aside from the two copies of the petition or amended petition that must be submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

   (6)  The Clerk of Court is directed to provide to Plaintiff a current court-approved form for filing a civil rights complaint by a prisoner.

   DATED this 10th day of November, 2005.

_____
Neil V. Wake
United States District Judge